UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
ANTONIO WALKER,                                    :
                                                   :
                        Plaintiff,         :
                                                   :     **INITIAL REVIEW**
       -against-                                 :     **ORDER**
                                                   :
CORRECTIONAL OFFICER ELLIS,                        :     3:24-cv-1269 (VDO)
                                                   :
                        Defendant.         :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

      Plaintiff Antonio Walker is a sentenced inmate currently housed at Osborn Correctional Institution. He filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 to assert claims for violation of his constitutional rights and intentional infliction of emotional distress and assault and battery while he was a pretrial detainee at New Haven Correctional Center ("NHCC") against Correction Officer Ellis in his individual and official capacities.

      The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

I.  **FACTUAL BACKGROUND**

While the Court does not set forth all of the facts alleged in Plaintiff's Complaint, it summarizes his basic factual allegations here to give context to its rulings below.

On November 30, 2023, Plaintiff was a pretrial detainee at NHCC. (Compl. ¶ 2.) Plaintiff has been diagnosed for asthma. (*Id.* ¶ 13.)

That day, he went to the medical unit for his asthma treatment. (*Id.* ¶ 3.) In the medical unit, Plaintiff became involved in a physical alteration with another inmate who had made a threat against his mother. (*Id.* ¶ 4.) Once the other inmate in the altercation fell to the floor, Plaintiff stopped fighting and placed both of his hands on the wall. (*Id.* ¶ 5.) A correctional officer held Plaintiff's right elbow, but Plaintiff was not resisting at all. (*Id.* ¶ 6.) With his hands still on the wall, Plaintiff looked to his left and saw that the other inmate was still on the ground. (*Id.* ¶ 7.) When Plaintiff looked to his left, he saw Correction Officer Ellis rushing towards him with mace in his hand. (*Id.*)

Plaintiff told Officer Ellis that he was not resisting and asked him not to expose him to mace as he was at the medical unit for an asthma treatment. (*Id.* ¶ 8.) Nonetheless, Officer Ellis sprayed mace directly into his eyes and mouth while he was not resisting and had his hands on the wall. (*Id.* ¶ 9.)

Plaintiff experienced symptoms from his exposure to mace, including difficulty breathing and burning eyes. (*Id.* ¶ 10.) Officer Ellis also exposed the other inmate on the ground and his co-workers to the mace. (*Id.* ¶ 11.)

Plaintiff was later taken to the Restrictive Housing Unit ("RHU") where he was able to rinse the mace off his face while he was under a shower. (*Id.* ¶ 12.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the

strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

### III.   DISCUSSION

The Court construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983 for constitutional violation arising from deliberate indifference to his health and the misuse of force under the Eighth and Fourteenth Amendments to the United States Constitution. As Plaintiff alleges he was a pretrial detainee at the time of the events alleged in the Complaint, Plaintiff's claims of excessive force and deliberate indifference to his health and safety are governed by the Fourteenth Amendment, rather than the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (excessive force); *see also Charles v. Orange Cnty.*, 925 F.3d 73, 85-

86 (2d Cir. 2019) (pretrial detainee medical indifference claims fall under the Fourteenth Amendment). [1]

Thus, the Court must dismiss Plaintiff's claims of Eighth Amendment violation under 28 U.S.C. § 1915A(b)(1).

The Court proceeds to consider whether Plaintiff has alleged facts to state any plausible claim for damages under Section 1983 for Fourteenth Amendment violations against Officer Ellis. To do so, Plaintiff must allege facts to reflect Ellis was personally involved in the alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citation and quotation marks omitted).

### A.  Fourteenth Amendment Deliberate Indifference

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a subjective or "*mens rea*" prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. With respect to the first prong of a deliberate indifference claim, the plaintiff must show that the conditions he experienced "either alone or

---

[1] Plaintiff's Complaint also refers to violation of his rights under the Fifth Amendment. (Compl. at 10.) The Court assumes that Plaintiff intended to assert a violation of his due process rights under the Fifth Amendment. However, the Fifth Amendment's Due Process Clause does not apply to state actors. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *Baltas v. Rizvani*, 2022 WL 17251761 at *17 (D. Conn. Nov. 28, 2022). As Plaintiff's allegations do not otherwise support any claim under the Fifth Amendment., any Fifth Amendment claims are dismissed as not plausible under 28 U.S.C. § 1915A(b)(1).

in combination, pose[d] an unreasonable risk of serious damage to his health." *Id.* at 30. With respect to the second prong, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Negligence is insufficient to satisfy this component. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

Plaintiff's allegations about his asthma condition are thin. However, as Plaintiff has alleged that he has an asthma diagnosis and required medical treatment for his asthma on November 30, 2023, the Court assumes that his asthma condition satisfies the objective element of the deliberate indifference analysis. In addition, for initial review purposes, Plaintiff's allegations sufficiently suggest that Officer Ellis acted intentionally or recklessly to expose Plaintiff to mace despite his knowledge that Plaintiff had asthma and that such exposure posed a risk of harm to Plaintiff's health and safety. Accordingly, Plaintiff has stated a plausible claim of Fourteenth Amendment violation based on indifference to Plaintiff's health and safety against Officer Ellis in his individual capacity.

### B. Excessive Force

To prevail on a claim of excessive force in violation of the Fourteenth Amendment, a plaintiff must show "that the force purposely or knowingly used against [her] was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). In other words, a plaintiff must demonstrate both (1) the defendant's purposeful or knowing state of mind, and (2) the objective unreasonableness of his use of force. *See id.* This standard cannot be applied

"mechanically"; rather, it "turns on the facts and circumstances of each particular case." *Id.* at 397 (citation omitted).

Regarding the first element, a defendant must have possessed "a purposeful, a knowing, or possibly a reckless state of mind" to be liable for excessive force. *Id.* at 396. However, if the plaintiff's claim of excessive force amounts to no more than negligently inflicted force, the claim cannot proceed under the Fourteenth Amendment. *See id*. The second element considers whether the force employed was objectively unreasonable. *Id.* at 397. The force employed will be deemed objectively unreasonable if it was "not rationally related to a legitimate governmental objective," or if it was "excessive in relation to that purpose." *Edrei v. Mason*, 892 F.3d 525, 535–36 (2d Cir. 2018) (citation omitted).

Here, Plaintiff alleges that Officer Ellis sprayed him with mace while Plaintiff was standing with his hands on the wall (after the altercation had ceased) and after Plaintiff had expressed that he was not resisting. These facts—credited as true—suggest that the force used by Officer Ellis was objectively unreasonable under the circumstances. Accordingly, Plaintiff has plausibly alleged Fourteenth Amendment misuse of force claims that may proceed against Officer Ellis in his individual capacity.

### C. Official Capacity Relief

Plaintiff has sued Defendants in their official capacities. To the extent he asserts official capacity claims for monetary damages against Defendants (all state employees), such claims are dismissed as barred by the Eleventh Amendment. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Plaintiff may only proceed for injunctive or declaratory relief against a defendant in his or her official capacity to the extent he alleges an ongoing constitutional violation. *See Va.*

*Office for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). As his allegations describe only constitutional violations that occurred in the past, Plaintiff may not proceed against Officer Ellis on any claims for official capacity relief. Thus, all official capacity claims are dismissed as not plausible.

**D.     State Law Claims**

Plaintiff asserts state law claims of intentional infliction of emotional distress and assault and battery.

1. Intentional Infliction of Emotional Distress

A plaintiff claiming intentional infliction of emotional distress must establish four elements: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Appleton v. Bd. of Educ.*, 757 A.2d 1059, 1062 (Conn. 2000) (internal citations and quotation marks omitted).

Here, Plaintiff alleges in only conclusory terms that Officer Ellis caused him emotional distress. But Plaintiff cannot allege a plausible claim of intentional infliction of emotional distress without "specificity regarding the severity of" his "emotional distress." *See Ibbison v. Quiros*, 2023 WL 1766440, at *18 (D. Conn. Feb. 3, 2023). Accordingly, Plaintiff's claim of intentional infliction of emotional distress must be dismissed as not plausibly alleged.

2. Assault and Battery

In Connecticut, there are two elements of the tort of civil assault: (1) the defendant must have "intend[ed] to cause a harmful or offensive contact . . . or an imminent apprehension of

such contact," with another person, and (2) the other person was actually "put in imminent apprehension" as a result of the contact. *See Simms v. Chaisson*, 890 A.2d 548, 555-56 (Conn. 2006) (internal quotation marks and citation omitted). The tort of battery also requires two elements: (1) the defendant must have "intend[ed] to cause a harmful or offensive contact . . . or an imminent apprehension of such contact," with another person, and (2) "a harmful contact with the" other person results either "directly or indirectly." *Id.* at 555 (internal quotation marks and citation omitted). Because the Court has concluded that the claims of excessive force should proceed against Officer Ellis and those claims are based on the same facts as the assault and battery claims, the Court will exercise supplemental jurisdiction over the state law assault and battery claims. Such claims will proceed against Officer Ellis in his individual capacity.

## IV. CONCLUSION

The Court enters the following orders:

(1) Plaintiff may **PROCEED** on his Fourteenth Amendment claims of indifference to his health and safety and of excessive force and on his state law claims of assault and battery against Correction Officer Ellis in his individual capacity.

(2) Plaintiff's official capacity claims and intentional infliction of emotional distress claims are **DISMISSED WITHOUT PREJUDICE**.

(3) If Plaintiff believes he can allege facts to cure the deficiencies identified in this ruling, he may file a motion to amend and attach an amended complaint within **thirty (30) days** from the date of this Order. Plaintiff is advised that any amended complaint will completely replace the original Complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Any amended

complaint must also name in the case caption each defendant against whom Plaintiff asserts a claim.

(4) The Clerk shall verify the current work address of Correction Officer Ellis, mail a waiver of service of process request packet containing the Complaint (ECF No. 1) to him at his confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Ellis fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him, and Ellis shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) The Clerk shall email a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and to the Connecticut Attorney General.

(6) Defendant shall file a response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If Defendant chooses to file an answer, Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. The defendant may also include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

(7) Discovery shall be completed within **six months (180 days)** from the date of this Order.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no

response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.

(11) **Changes of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendant or counsel for Defendant of his new address.

(12) Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. Discovery requests shall not be filed with the Court (*see* D. Conn. L. Civ. R. 5(f)) and must be served on Defendant's counsel by regular mail.

**SO ORDERED.**

Hartford, Connecticut
October 2, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge